IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEODORO S. ALCARAZ,

    Petitioner,               No. CIV S-11-1992 GGH P

    vs.

FRANK X. CHAVEZ,

    Respondent.           ORDER

_____/

        The parties have consented to the jurisdiction of the undersigned in this habeas matter. See docket entry #'s 4 & 8. By order filed on December 12, 2011, petitioner, a state prisoner proceeding pro se in this habeas corpus petition, pursuant to 28 U.S.C. § 2254, was ordered to show cause within twenty-one days why respondent's October 28, 2011, motion to dismiss should not be granted, petitioner having failed to file any opposition thereto. Petitioner was cautioned that Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." See docket entry # 11.

        Thereafter, by order, filed January 17, 2012, petitioner's January 5, 2012, response was deemed to have discharged the December 2011 show cause order, inter alia, and petitioner was granted a thirty-five day extension to file his opposition to respondent's motion. The thirty-five day additional period has expired, and petitioner has failed to file an opposition or to

1

otherwise respond to the court's order. The petition will therefore be dismissed for petitioner's failure to comply with a court order and his failure to file an opposition to respondent's motion, which is hereby deemed a waiver of opposition to the motion. See Local Rules 110 and 230(l); Fed. R. Civ. P. 41(b). In the alternative, the court has reviewed the motion to dismiss and finds that it has merit.

Respondent brings the motion on two grounds: 1) that petitioner has previously brought a habeas petition in federal court challenging the identical conviction/sentence; 2) the petition is time-barred under AEDPA. See Motion to Dismiss at docket entry # 9. Respondent is correct that this petition is successive to Alcaraz v. Giurbino, Case No. Civ-S- 05-1597 LKK KJN P, wherein petitioner, as in the instant petition, challenged his 2001 conviction for, inter alia, aggravated sexual assault of a minor under the age of fourteen, to which he was sentenced to a 21-year-to-life aggregate term.[1] The application for a writ of habeas corpus was denied on the merits in the prior case and the court declined to issue a certificate of appealability by order filed on January 24, 2011.[2]

This court cannot consider the successive petition without prior authorization by the Ninth Circuit. Under 28 U.S.C. § 2244(b)(3)(A), leave must first be obtained from the court of appeals to file a second or successive petition before petitioner can proceed in district court. Felker v. Turpin, 518 U.S. 651, 656-657, 116 S. Ct. 2333 (1996). This is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152, 127 S. Ct. 793 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). The district court

---

[1] The court takes judicial notice of the prior petition. (Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)).

[2] Because the court finds that it does not have jurisdiction over the petition because petitioner has indeed brought a prior petition challenging the same conviction, the court cannot reach and review the second ground of respondent's motion.

has discretion to either transfer that petition to the court of appeals or dismiss the petition. United States v. Winestock, 340 F.3d 200 (4th Cir. 2003)(§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139-140 (3rd Cir. 2002). Thus, the petition will be dismissed as successive.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition is dismissed for petitioner's failure to comply with a court order and failure to file an opposition to respondent's motion to dismiss. See Local Rule 110; Fed. R. Civ. P. 41(b);

2. Alternatively, respondent's motion to dismiss, filed on October 28, 2011 (docket entry # 9 ), is granted and the petition dismissed on the ground the petition is successive; and

3. This case is closed.

DATED: March 12, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
alca1992.ord