IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEODORO S. ALCARAZ,

    Petitioner,                        No. 2: 11-cv-1992 GGH P

    vs.

FRANK X. CHAVEZ,

    Respondent.                     <u>ORDER</u>

_____/

<u>Introduction</u>

        By order filed on March 12, 2012, the instant petition was dismissed and judgment thereon entered.[1] The petition was dismissed for petitioner's failure to comply with a court order and failure to oppose respondent's motion to dismiss; alternatively, respondent's motion to dismiss was granted on the ground that the petition was successive. Docket # 15. Petitioner has filed a motion for reconsideration/relief from judgment citing Fed. R. Civ. P. 59(e) and Rule 60(b), asking for judgment in this matter to be vacated.

\\\\

\\\\

\\\\

---

[1] The parties consented to the jurisdiction of the undersigned in this habeas matter. <u>See</u> docket entries #4 & # 8.

1

To the extent that petitioner seeks to invoke the provisions of Rule 59(e), his motion, filed on May 8, 2012 (by application of the mailbox rule),[2] is untimely because "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).  Judgment having been entered on March 12, 2012, petitioner's motion under Rule 59(e) is untimely by some thirty days and must be denied on that ground.

Motion for Relief from Judgment

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005).  "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

Once a decision of law is made, it becomes the "law of the case," and absent clear error or changed circumstances should not be changed. See United States v. Estrada-Lucas, 651 F.2d 1261, 1263-64 (9th Cir.1980).  The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998), quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (internal quotation and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals,

---

[2] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003)(mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).  A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).  Nor can a reconsideration motion "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880.  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Westlands Water Dist., 134 F.Supp.2d at 1131 (internal citations omitted).

In the instant action, petitioner contends that he was subjected to "'state-created impediments'" in "being deprived of access to his stored legal documents" as well as being hindered by a language barrier "which necessitates notification to the Mexican consulate to enlist the aid of their effective representation." Motion (docket # 17) at 1.  Petitioner claims that "inmate paralegal assistance" he has used, being himself untrained in law, has not allowed him to fully address his claims. Id., at 4.  Petitioner concedes that the petition deemed successive was an erroneous filing but apparently nevertheless seeks to absolve himself of any responsibility in having filed the petition, states that he has not had effective paralegal assistance and that he intends to notify the Mexican consulate to gain effective representation to better frame the grounds of his petition. Id., at 5.

Petitioner sets forth no newly discovered evidence, does not demonstrate any error, much less clear error, has been committed, nor has an intervening change in the controlling law been demonstrated.  In other words, petitioner provides no basis for the court to re-open this matter.  In fact, petitioner appears to concede that his petition was successive.  That being the case, this court, as was explained in the March 12, 2012, order, cannot consider it without prior authorization of the Ninth Circuit.  Petitioner is free to seek such authorization by filing the instant petition, or one which more fully sets forth the grounds on which he seeks to proceed, in

the Court of Appeals. However, as petitioner has been informed, this court has no jurisdiction to consider the merits of a successive petition.

Accordingly, IT IS HEREBY ORDERED that:

1. To the extent petitioner brings a motion for reconsideration, pursuant to Fed. R. Civ. P. 59(e), of this court's order filed on March 12, 2012 (docket # 15), which motion was filed in the court's docket on May 14, 2012 (docket # 17), but is liberally construed as filed by the mailbox rule on May 8, 2012, it is denied as untimely; and

2. To the extent petitioner's motion is one for relief from judgment under Fed. R. Civ. P. 60(b), the motion is denied on the merits.

DATED: June 13, 2012

                                            /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

GGH:009
alca1992.rcn